IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

INTERNATIONAL CATASTROPHE INSURANCE
  MANAGERS, LLC, a Delaware Limited Liability Company,

       Plaintiff,

v.

POULTON ASSOCIATES, INC., a Utah Corporation,

       Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff International Catastrophe Insurance Managers, LLC ("ICAT"), in support of its Complaint for Injunctive Relief against the Defendant Poulton Associates, Inc. ("Poulton") alleges and states as follows:

### PARTIES

1.     Plaintiff ICAT is a Delaware limited liability company with its principal place of business at 3665 Discovery Drive, Suite 300, Boulder, Colorado 80303.  ICAT maintains an Internet presence at *www.icat.com*.

2.     Defendant Poulton is a Utah corporation with its principal place of business at 3785 South 700 East, Second Floor, Salt Lake City, Utah 84106.

### JURISDICTION AND VENUE

3.     This action arises and is brought under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the laws of the State of Colorado.

4.     Subject matter jurisdiction exists under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367(a).

5.     Personal jurisdiction is proper because Poulton has infringed ICAT's trademarks and offered for sale and sold products in this district.  Poulton's infringement was directed at and caused harm to ICAT in this district.  In addition, Poulton has continuous and systematic contacts with the district in that it operates an interactive website through which residents of Colorado can purchase infringing products in this district.

6.     Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) and (c) because the acts of trademark infringement occurred in this district, and Poulton's conduct has impacted ICAT within this district.

## GENERAL ALLEGATIONS

## ICAT's use of the ICAT marks

7.     Since as early as September 1999, ICAT has used the service mark **ICAT** (and/or ICAT-formative marks) in connection with its property and casualty insurance underwriting and administration services.  ICAT specializes in providing commercial catastrophe insurance coverage to businesses located in catastrophe-exposed regions in the United States.

8.     ICAT has expended substantial time, money, and effort marketing and advertising its services under the **ICAT** marks.  Every year ICAT spends substantial sums advertising its services under its **ICAT** marks through print advertising, trade

shows and its Internet website at www.ICAT.com.  As a result, the **ICAT** marks have become associated in the mind of the public with high quality property catastrophe insurance services offered by ICAT and its affiliates.

9.      The United States Patent and Trademark Office ("PTO") has granted ICAT the following federal trademark registrations, which incorporate the mark **ICAT** as its dominant feature:  U.S. Registration No. 2,566,444 for ICAT MANAGERS & design, for "*insurance services, namely underwriting and administration of property and casualty insurance*," and U.S. Registration No. 2,413,923 for ICATMANAGERS, for "*providing information in the field of property and casualty insurance services by means of a global computer network*."  The dominant feature of both of these ICAT-formative federally registered trademarks is ICAT.

10.      In addition to these registrations, ICAT possesses strong common law rights in the mark **ICAT**.

### Poulton's use of its infringing InsureCat mark

11.      On information and belief, Poulton adopted and began using the infringing InsureCat mark some time in late 2001/early 2002.

12.      Poulton uses the mark InsureCat in connection with property and casualty insurance services.  This services are the same as (or closely related to) those offered by ICAT under its **ICAT** marks.

13.      ICAT notified Poulton of its infringing use of the mark InsureCat and asked that it discontinue its use of InsureCat in connection with its insurance services.  However, Poulton has refused to cease using the infringing InsureCat mark.

14.     Poulton's use of the InsureCat mark has irreparably injured and, if permitted to continue, will continue to irreparably injure ICAT, the **ICAT** mark, ICAT's reputation and goodwill associated with that mark, and the public's interest in being free from confusion.

15.     Poulton's use of the mark InsureCat in connection with casualty and property insurance services is likely to cause confusion or mistake or to deceive consumers as to an affiliation, sponsorship, connection, or association of InsureCat with ICAT, or as to the affiliation or approval of InsureCat's services by ICAT.

16.     This likelihood of confusion has caused, and will cause, irreparable injury to ICAT.

17.     Poulton's actions continue to be committed for the purpose, and with the intent of infringing, palming off, or otherwise willfully violating ICAT's trademark rights and amount to unfair competition in violation of federal and state law.

18.     ICAT has no adequate remedy at law.  As a result, ICAT is entitled to temporary, preliminary, and permanent injunctive relief.

## FIRST CLAIM FOR RELIEF
### (Violation of Section 32 of the Trademark Act; 15 U.S.C. § 1114(1))

19.     ICAT incorporates the allegations contained in the preceding paragraphs of this Complaint.

20.     Poulton's acts constitute federal trademark infringement in violation of Section 32 of the Trademark Act, as amended, 15 U.S.C. §1114(1).

21.     Poulton's acts of infringement have been willful and deliberate.

22.     Poulton's conduct has caused, and continues to cause, irreparable injury to the value and goodwill of ICAT's trademarks, as well as irreparable injury to ICAT's business, goodwill and reputation.  ICAT has no adequate remedy at law.

23.     ICAT is entitled to temporary, preliminary, and permanent injunctive relief.

### SECOND CAUSE OF ACTION
**(Unfair Competition under the Lanham Act; 15 U.S.C. § 1125(a)(1))**

24.     ICAT incorporates by reference the preceding allegations of this Complaint.

25.     Poulton's use of the mark InsureCat is likely to cause confusion as to the source or origin of its products and services, or mistake, or to deceive customers as to an affiliation, sponsorship, connection, or association of Poulton with ICAT, or as to the affiliation, sponsorship, or approval of the products and services sold by Poulton under the InsureCat mark, all to ICAT's harm in violation of 15 U.S.C. § 1125(a)(1).

26.     Poulton's use of the InsureCat mark constitutes unfair competition, false designation of origin, and false descriptions and representations within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

27.     Poulton's acts of infringement have been willful and deliberate.

28.     Poulton's conduct has caused, and continues to cause, irreparable injury to the value and goodwill of ICAT's trademarks, as well as irreparable injury to ICAT's business, goodwill, and reputation.  ICAT has no adequate remedy at law.

29.     ICAT is entitled to temporary, preliminary, and permanent injunctive relief.

## THIRD CAUSE OF ACTION
### (Violation of Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq.*)

30.     ICAT incorporates the allegations contained in the preceding paragraphs of this Complaint.

31.     Poulton has engaged in deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-105(a), (b), and (c).

32.     Poulton's deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of ICAT's products.

33.     Poulton's deceptive trade practices have caused and continue to cause irreparable injury to ICAT's marks, as well as irreparable injury to ICAT's business, goodwill and reputation.  ICAT has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

34.     ICAT incorporates by reference the preceding allegations of this Complaint.

35.     Poulton's actions constitute unfair competition in violation of the common law of the State of Colorado.

36.     Poulton's conduct has caused, and continues to cause, irreparable injury to the value and goodwill of ICAT's marks, as well as irreparable injury to ICAT's business, goodwill and reputation.  ICAT has no adequate remedy at law.

37.     ICAT is entitled to temporary, preliminary, and permanent injunctive

relief.

## FIFTH CAUSE OF ACTION
### (Cancellation of U.S. Reg. No. 2,665,931)

38.     ICAT incorporates by reference the preceding allegations of this

Complaint.

39.     Poulton obtained a federal trademark registration for the mark InsureCat

on July 6, 2004, U.S. Registration No. 2,861,546, for "*insurance administration.*"

Poulton's claimed first use date of this mark post-dates ICAT's first use of its ICAT

and ICAT-formative marks.

40.     The mark set out in Registration No. 2,861,546, when used on or in

connection with the identified goods and services, so resembles ICAT's use of the mark

ICAT and the marks in U.S. Registration No. 2,566,444 and 2,413,923 as to be likely to

cause confusion, or to cause mistake, or to deceive customers as to an affiliation,

sponsorship, connection, or association of Poulton with ICAT, or as to the affiliation,

sponsorship, or approval of Poulton's products and services by ICAT.

41.     As a result, and pursuant to 15 U.S.C. § 1064, Poulton's U.S. Registration

No. 2,861,546 should be cancelled.

## PRAYER FOR RELIEF

FOR THESE REASONS, ICAT prays for a judgment in its favor and against

Poulton as follows:

1.      For a temporary, preliminary, and permanent injunction against Poulton,

its agents, servants, employees, privies, representatives, successors, assigns, attorneys,

and all other persons in active concert or participation with it enjoining and restraining them from:

        a.      Using the mark InsureCat, either alone or in combination with any other designations in connection with casualty and property insurance services;

        b.      Using any mark or name in any manner that is confusingly similar to ICAT, either alone or in combination with any other designation, in connection with casualty and property insurance services; and

        c.      Performing any other acts that are likely to lead the public to believe that products and/or services provided or sold by Poulton are in any manner connected to, approved or authorized by ICAT.

        2.      For an Order that Poulton cease all acts of trademark infringement, unfair competition, and deceptive trade practices;

        3.      For an award of ICAT's attorneys' fees and costs pursuant to 15 U.S.C. § 1117(b), Colo. Rev. Stat. § 6-1-113; and

        4.      For such other injunctive relief as this Court deems just and equitable.

Dated:  November 4, 2005

Respectfully submitted,

/s/Donald A. Degnan
Donald A. Degnan
Andrea Anderson
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, Colorado  80302
Telephone:  303-473-2700
Facsimile:   303-473-2720

**ATTORNEYS FOR PLAINTIFF
INTERNATIONAL CATASTROPHE
INSURANCE MANAGERS, LLC**

Plaintiff's Address

3665 Discovery Drive, Suite 300
Boulder, Colorado 80303

3468593_3.DOC